IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. PATRICK ST. GERMAIN, | ) |
| Plaintiff, | ) Civil Action No. 15-1279 |
| v. | ) Judge Cathy Bissoon |
| DR. RAYMOND WISNIEWSKI, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Dr. Patrick St. Germain ("Plaintiff") originally brought this action against Dr. Raymond Wisniewski, Nutrimost LLC, and Nutrimost Doctors, LLC ("Defendants") for breach of contract (Counts I and II), unjust enrichment (Counts III and IV), tortious interference with an advantageous business relationship (Count V), fraudulent transfer (Count VI), civil conspiracy (Count VII) and equitable relief (Count VIII). (Complaint ("Compl.") (Doc. 1)). On August 5, 2016, upon Motion by Defendants, the Court dismissed Plaintiff's Complaint, in part, without prejudice "to Plaintiff filing an amended complaint" as to Counts III, V, VI, and VII. (Doc. 22 at 18). On August 15, Plaintiff did so, reasserting claims for breach of contract (Counts I and II), unjust enrichment (Counts III and IV), tortious interference with contractual relations (Count V), fraudulent transfer (Count VI) and equitable relief (Count VII).[1] Defendants again move to dismiss Counts III, V, VI, and VII pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated

---

[1] As noted by Defendants, although Plaintiff has labeled his claim for equitable relief "Count VIII," there are only seven counts asserted in the amended complaint. Thus, the Court will refer to the equitable relief count as "Count VII."

1

below, Defendants' Partial Motion to Dismiss will be granted in part and denied in part.[2]

### I. MEMORANDUM

#### A. BACKGROUND

The background of this matter is fully set forth in the Court's first Memorandum Order (Doc. 22) and is incorporated herein by reference. The factual allegations set forth in the Amended Complaint are largely the same as those set forth in the original Complaint. Where the allegations differ, or where Plaintiff has attempted to supplement his prior allegations, the Court will note as much in its analysis.

#### B. ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

As already noted, Defendants move to dismiss Counts III (as it relates to Dr. Wisniewski), Count V (as it relates to Dr. Wisniewski and Nutrimost Doctors), Count VI (as it relates to all Defendants), and Count VII. Before addressing Defendants' arguments as to those counts, however, the Court will address the parties' dispute over whether Plaintiff has sufficiently alleged a basis for piercing the corporate veil.

---

[2] Defendants do not move to dismiss Counts I and II for breach of contract, and, as a result, those claims survive. Likewise, as the Court previously held, Count IV – Plaintiff's unjust enrichment claim against the Nutrimost Doctors – survives a 12(b)(6) motion. (Doc. 22 at 13-14).

2

i.   Piercing the Corporate Veil

In ruling on Defendants' first Motion to Dismiss, the Court found that the Complaint failed to state a sufficient basis for piercing the corporate veil. (Doc. 22 at 5). "While Plaintiff has made general, conclusory statements regarding the need to pierce the corporate veil to avoid injustice," the Court explained, "the Complaint does not contain factual allegations that speak to any of the factors that Pennsylvania courts consider when deciding whether to pierce the corporate veil." (*Id.*). Defendants again move to dismiss Plaintiff's claims against Dr. Wisniewksi in his individual capacity, arguing that the Amended Complaint still fails to plead enough facts to support piercing the corporate veil. (Doc. 27 at 21-23). Plaintiff, again, disagrees. (Doc. 28 at 10-13).

Having reviewed the new allegations in the Amended Complaint, the Court finds that, even when viewed in the light most favorable to Plaintiff, the Amended Complaint does not state a basis for piercing the corporate veil. Plaintiff still has not pled anything beyond conclusory allegations and legal assertions. And tellingly, in his Brief in Opposition, he has not even attempted to highlight any new allegations in the Amended Complaint that might cure the deficiencies that the Court previously identified. Instead, he rehashes the same argument – lifted virtually word-for-word from his prior brief – that the Court already rejected. Therefore, except insofar as Plaintiff may be able to state a claim against Dr. Wisniewksi for his direct participation in the alleged wrong (as will be discussed *infra*), the claims against him, individually, will be dismissed.

ii.   Count VI – Fraudulent Transfer

The Court previously held that the original Complaint failed to state a claim under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), pursuant to which a transfer is

3

fraudulent as to a creditor who brings a claim against a debtor when "the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or became insolvent as a result of the transfer or obligation." 12 Pa. Stat. and Cons. Stat. Ann. § 5105. As the Court explained, "Plaintiff's failure to provide a single supporting fact or basis for his allegation with respect to the 'reasonably equivalent value' element of constructive fraudulent transfer renders his Complaint insufficient under the governing pleading standard with respect to Count VI as stated against NutriMost and NutriMost Doctors." (Doc. 22 at 7). Defendant argues that the Amended Complaint fails to overcome that deficiency, and the Court agrees. The Amended Complaint repeats, nearly verbatim,[3] the allegations from the original Complaint with respect to this cause of action. (*Compare* Doc. 1 ¶¶ 80-84 *with* Doc. 23 ¶¶ 106-111). Plaintiff still has not provided any factual support for his allegation that "Defendant NutriMost 1 sold [its] rights to the NutriMost System to Defendant NutriMost 2 for an amount that does not represent the reasonable equivalent value of the rights to the NutriMost System." (Doc. 23 ¶ 107). There still is no mention "of what, if anything, was given to NutriMost in exchange for transferring rights to NutriMost Doctors." (Doc. 22 at 8). Absent such an allegation, Plaintiff has not stated a claim upon which relief may be granted.[4]

---

[3] The Amended Complaint includes one new paragraph, ¶ 109, but it is nothing more than a legal conclusion.

[4] On a more fundamental level, the Court questions whether PUFTA can even be construed to cover the circumstances alleged here. Section 5105 presupposes the existence of a "claim" by a "creditor" incurred by a "debtor." A claim is defined as "[a] right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 12 Pa. Stat. and Cons. Stat. Ann. § 5101. Plaintiff has not alleged that he had any such right to payment. Instead, he asserts that "*through the Agreement*" he "held a claim against Defendant NutriMost 1, by which Defendant NutriMost 1 was *obligated to provide* ongoing materials and support to Plaintiff Dr. St. Germain

iii. Count III – Unjust Enrichment against Dr. Wisniewski

The Court previously ruled that Plaintiff failed to state an unjust enrichment claim against Dr. Wisniewski because he had not alleged that there was a "benefit conferred on Dr. Wisniewski *by Plaintiff*." (Doc. 22 at 12). Defendants argue that "[t]he facts alleged in the Amended Complaint . . . fail to comply with the Court's holding[.]" (Doc. 27 at 9). Plaintiff retorts that Dr. Wisniewski may be liable under the "participation theory" in that he personally directed the activities of NutriMost with respect to Plaintiff. Plaintiff, moreover, alleges that "[a]s the sole member, Director, and CEO [of Defendant Companies], it is believed and therefore averred [Dr. Wisniewski] directly and personally benefitted from the fees and payments paid by Plaintiff to NutriMost 1 pursuant to the licensing agreement . . . during the time in which he instructed his companies to refuse to honor the Agreement." (Doc. 23 ¶ 88).

In its prior ruling, the Court "assume[d] *arguendo* that the participation theory of liability can establish individual liability in the context of a claim for unjust enrichment – without rendering a holding on that question[.]" (Doc. 22 at 11) (citing, *inter alia*, USTAAD Sys., Inc. v. iCAP Int'l Corp., No. 09-1149, 2010 WL 2838593, at *4-5 (M.D. Pa. July 16, 2010)). Upon further review of the relevant case law, however, the Court finds that this assumption was not sound and warrants reconsideration.

The Third Circuit Court of Appeals has explained, "Unless the corporate officer extends promises in his individual capacity, the participation theory does not apply in the context of an action breach of contract." Walsh v. Alarm Sec. Grp., Inc., 95 F. App'x 399, 402 (3d Cir. 2004) (citation and internal quotation marks omitted). The theory only applies when a corporate officer

---

related to the NutriMost System, and to *refrain from granting any rights* to the NutriMost System in the Four Counties." (Doc. 23 ¶ 106) (emphasis added). What Plaintiff has described is not so much a "claim" as it is a contractual right, arising from the Agreement. The remedy for a breach of such right lies in a breach of contract action.

commits "tortious acts, such as fraud[.]" Id. "[U]njust enrichment does not sound in tort; rather, it is a restitutionary cause of action based on an implied or constructive contract." Alpha Pro Tech, Inc. v. VWR Int'l LLC, 984 F. Supp. 2d 425, 449 (E.D. Pa. 2013) (citing Sevast v. Kakouras, 915 A.2d 1147, 1153 n.7 (Pa. 2007); Integrated Waste Solutions, Inc. v. Goverdhanam, No. 10–2155, 2010 WL 4910176, at *15 (E.D. Pa. Nov. 30, 2010)). In other words, "[w]here unjust enrichment is found, the law implies a contract, referred to as either a quasi contract or a contract implied in law, which requires that the defendant pay to plaintiff the value of the benefit conferred." Schenck v. K.E. David, Ltd., 666 A.2d 327, 328–29 (Pa. Super. Ct. 1995). Consistent with this authority, courts have found that when an unjust enrichment claim is based "on allegations amounting to a breach of contract[,]" the participation theory is not applicable. Streamline Bus. Grp., LLC v. Vidible, Inc. ("Streamline II"), No. CV 14-1433, 2016 WL 3523033, at *5 (E.D. Pa. June 27, 2016); see also 18 KT.TV, LLC v. Entest Biomedical, Inc., No. 3:11CV244, 2011 WL 5374515, at *7 (M.D. Pa. Nov. 7, 2011) (explaining, "to hold that a corporate officer could be liable under [the participation] theory for his company's breach of a contract would be a great expansion of the doctrine" and thereby dismissing breach of contract and unjust enrichment claims against the officer).

In Streamline, for example, the plaintiff entered into an oral contract for a joint venture with the defendant company, "whereby [the plaintiff] agreed to procure customer relationships for [the defendant] and its products, and [the defendant] agreed to pay [the plaintiff] a share of the revenues from each customer relationship fostered by [the plaintiff]." Streamline Bus. Servs., LLC v. Vidible, Inc. ("Streamline I"), No. CIV.A. 14-1433, 2015 WL 3477675, at *1 (E.D. Pa. June 2, 2015). The parties performed for six months, but then a dispute arose as to the terms of the contract, at which point the defendant stopped making payments. Id. Eventually, the

plaintiff brought suit for breach of contract and unjust enrichment against the company and two of its shareholders. Streamline II, 2016 WL 3523033, at *1. The unjust enrichment claim against the shareholders was premised on the participation theory, with the plaintiff alleging that the shareholders "caused [the defendant company] to stop payment to [the plaintiff] in accordance with their alleged oral agreement." Id. at *5. The district court, however, refused to "extend the participation theory of liability to cover such claim" because the allegations were tantamount to a breach of contract. Id.

This rationale is persuasive. The reasoning set forth in USTAAD Sys., Inc. v. iCAP Int'l Corp., which held that the participation theory applied to the plaintiff's unjust enrichment claim against a corporate officer, does not convince the Court otherwise. No. 09-1149, 2010 WL 2838593, at *4-5 (M.D. Pa. July 16, 2010), *reconsideration denied*, 2010 WL 3984882 (M.D. Pa. Oct. 12, 2010). The court in USTAAD recognized that "the participation theory is sometimes articulated with reference to 'commission of a tort[.]" 2010 WL 3984882, at *1 n.3 (quoting Wicks v. Milzoco Builders, Inc., 470 A.2d 86, 90 (Pa. 1983)). But it nonetheless rejected the defendants' argument that the participation theory does not apply to unjust enrichment claims because, it said, "the theory has also be articulated in broader terms, e.g., 'misfeasance[.]'" Id. (quoting Parker Oil Co. v. Mico Petro & Heating Oil, LLC, 979 A.2d 854, 856 (Pa. Super. Ct. 2009)). This reasoning strikes the Court as hollow. "Misfeasance" in this context is a synonym for "tortious conduct" or some "other illegal act." Parker Oil, 979 A.2d at 856. Parker Oil, for example, involved a claim of conversion. Without evidence of such conduct, a plaintiff cannot turn a breach of contract dispute against a company into a claim for personal liability against its principals. See id.

Here, the unjust enrichment claim is not based on allegations that would amount to a tort.

7

Rather, the allegations in support of this claim are the same allegations that support Plaintiff's breach of contract claims against NutriMost and Nutrimost Doctors. (Doc. 23 ¶¶ 83 – 86). As a result, the Court concludes that the participation theory does not apply. See Streamline II, 2016 WL 3523033, at *5 (distinguishing USTAAD because "Streamline's unjust enrichment claim is based not on allegations amounting to a tort (which supports the application of the participation theory), but on allegations amounting to breach of contract, a claim which decidedly does not support application of the participation theory"). Count III will be dismissed.

iv. Count V – Tortious Interference by Dr. Wisniewski and Nutrimost Doctors

The Court dismissed the tortious interference claim alleged against Dr. Wisniewski in the original complaint because Plaintiff had not alleged that Dr. Wisniewski acted outside the scope of his authority as an agent of NutriMost when the alleged conduct occurred. According to Defendants, this deficiency remains. They are correct.

"The actions of a principal's agent are afforded a qualified privilege from liability for tortious interference with the principal's contract." CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 385 (3d Cir. 2004) (citations omitted). As the Court of Appeals for the Third Circuit has explained:

> The reason for this privilege is that holding an agent liable would be like holding the principal itself liable for the tort of interfering with its own contract, instead of holding the principal liable for breach of contract. The agent's privilege is qualified, however, because it applies only when the agent is acting within the scope of its authority. Conversely, an agent may be liable for tortious interference, just as if the agent were an outside third party, if the allegedly interfering acts were conducted outside the scope of the agent's authority.

Id. (citations omitted). Once again, Plaintiff has not plausibly alleged that Dr. Wisniewski acted outside the scope of his authority as a corporate officer. Cf. Tisone v. Berardino, No. CV 16-167, 2016 WL 7404556, at *8 (W.D. Pa. Dec. 22, 2016) (citations and internal quotation marks

omitted) (explaining "that an agent acts outside the scope of his employment when the sole motive in causing the corporation to breach the contract is actual malice toward the plaintiff, or if the officer's conduct is against the corporation's interest").

Rather than addressing this issue head-on, Plaintiff argues, curiously, that he is "free to plead alternative causes of action," (Doc. 28 at 7), as if that somehow overcomes the deficiencies with his pleading. It does not. To be sure, as a general matter, a plaintiff might be able plead a tort claim alongside a claim for breach of contract claim without running afoul of the gist-of-the-action doctrine, where it is not clear whether the claim sounds in tort or contract. See Rhodes v. Avis Budget Car Rental, LLC, No. CV 15-1459, 2016 WL 1435443, at *5 (W.D. Pa. Apr. 12, 2016). But that does not mean that a plaintiff is relieved of his obligation to plead facts to support all of the necessary elements of a cause of action. Because Plaintiff has not done so as to Dr. Wisniewski, the tortious interference claim against him must be dismissed.

So, too, must the claim against NutriMost Doctors. The Court previously held that Plaintiff failed to plead facts to support the second element of a claim for tortious interference: "that the action allegedly interfering with the plaintiff's contract was undertaken by the defendant 'for the specific purpose of causing harm to the plaintiff.'" (Doc. 22 at 15 (quoting Phillips v. Selig, 959 A.2d 420, 429 (Pa. Super. Ct. 2008)). The Amended Complaint suffers the same flaw. Furthermore, as Defendants argue, Plaintiff is essentially attempting to repackage his breach of contract claim against NutriMost Doctors into a tortious interference claim. He claims, for example, that NutriMost Doctors displayed "complete disregard for Plaintiff's rights upon assuming the rights transferred." (Doc. 28 at 8). However, "[s]imply calling a contractual dispute a tort does not make it so." Parker Oil, 979 A.2d at 857. Without any allegations of specific intent to interfere with the contract, this claim fails and must be dismissed.

9

v. Count VII – Equitable Relief

Defendants move to dismiss Plaintiff's "claim" for equitable relief. However, as explained when ruling on Defendants' first motion to dismiss, the Court has construed this count as a *request* for relief or a remedy, not a standalone claim for relief. See Jensen v. Quality Loan Service Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Pa. 2010) ("An injunction is a remedy, not a separate claim or cause of action."). Therefore, Defendants' motion to dismiss Count VII will be denied as moot.

vi. Leave to Amend

At the end of his Brief in Opposition, Plaintiff tacks on a one-paragraph request for leave to file another amended complaint, should the Court grant any part of Defendants' Motion – which the Court intends to do. While it is true that leave to amend should be freely granted, the Third Circuit has nonetheless acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). "Denial of leave to amend a complaint is especially appropriate where a party has already been given the opportunity to amend the complaint." In re Avandia Mktg., Sales Practices & Products Liab. Litig., 564 F. App'x 672, 673 (3d Cir. 2014) (citing Lake, 232 F.3d at 373 ("[W]e are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint.")). Since Plaintiff has already been given two bites at the apple and failed to overcome the deficiencies in his original Complaint, he will not be granted any further leave to amend.

## II. ORDER

For the reasons stated above, the Partial Motion to Dismiss (Doc. 26) is **GRANTED IN PART** and **DENIED IN PART**. The Partial Motion to Dismiss (Doc. 26) is **DENIED AS**

10

**MOOT** insofar as Defendants seek to dismiss Count VII, which the Court has construed as a request for an equitable remedy, and **GRANTED** in all other respects. Defendant Dr. Raymond Wisniewski is hereby **DISMISSED** from this action. The remaining Defendants shall file an answer to the surviving Counts – Counts I, II, and IV – on or before January 31, 2017.

**IT IS SO ORDERED**.

It is **FURTHER ORDERED** that the caption of this case is amended as follows:

| | |
|---|---|
| DR. PATRICK ST. GERMAIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 15-1279 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| NUTRIMOST, LLC, a Pennsylvania | ) |
| Limited Liability Company, and | ) |
| NUTRIMOST DOCTORS, LLC, a | ) |
| Pennsylvania Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |

January 17, 2017                                         s/Cathy Bissoon
                                                                    Cathy Bissoon
                                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record