IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. PATRICK ST. GERMAIN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 15-1279 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| DR. RAYMOND WISNIEWSKI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Plaintiff Dr. Patrick St. Germain ("Plaintiff")'s Motion for Voluntary Dismissal of Count VIII Without Prejudice (Doc. 44). In his Motion, Plaintiff seeks leave to voluntarily dismiss Count VIII pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Doc. 44 at ¶ 3). However, dismissal pursuant to Rule 41(a)(1)(A)(ii) requires "a stipulation of dismissal signed by all parties who have appeared," and, here, Defendants do not consent to the dismissal of Count VIII without prejudice. (Doc. 45 at ¶ 3). Rather, Defendants ask that the Court dismiss Count VIII *with prejudice* pursuant to Rule 41(a)(2). (Id.).

Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether a dismissal should be granted on a Rule 41(a)(2) motion lies within the sound discretion of the district court. In re Tutu Wells Contamination Litig., 994 F. Supp. 638, 652 (D. Vi. 1998) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)). The purpose of the Rule "is primarily to prevent voluntary dismissals which will prejudice the opposing party, and to permit the court to impose curative conditions to ameliorate such

prejudice." See 9 Fed. Prac. & Proc. Civ. § 2364 (3d ed.).

In the instant case, Defendants, while contesting the terms of dismissal, do not oppose Plaintiff's motion to voluntarily dismiss Count VIII. Defendants argue, however, that the dismissal of Plaintiff's equitable claim should be with prejudice. Notably, "the question of whether the Court may convert a Motion under Rule 41(a)(2) into a dismissal with prejudice is an open one in this Circuit." Rose v. City of Allentown, 2005 WL 5061529, at *1 (E.D. Pa. May 6, 2005). However, courts outside the Circuit have held that "if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice." 9 Fed. Prac. & Proc. Civ. § 2367 (3d ed.) (collecting cases). "A dismissal with prejudice may be granted 'where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.'" John T. v. Del. Co. Intermediate Unit, 2001 WL 1391500, at *4 (E.D. Pa. Nov. 7, 2001) (citation omitted). However, "[t]he prejudice to defendant must be something other than the mere prospect of a second lawsuit." Id. (citation omitted).

Here, several factors counsel toward the dismissal of Count VIII with prejudice. First, Plaintiff did not exercise diligence in bringing this Motion, as his request for withdrawal comes a year and a half after he filed the initial Complaint, where he first set out his claim for equitable relief. (See Doc. 1 ¶¶ 89-94); Schandelmeier v. Otis Div. of Baker–Material Handling Corp., 143 F.R.D. 102 (W.D. Pa. 1992) ("In ruling on a motion to dismiss without prejudice under Rule 41(a)(2), it is necessary to weigh . . . the plaintiff's diligence in bringing the motion and explanation therefore."). Second, as reflected in an email dated April 10, 2017, Plaintiff's counsel recently told defense counsel that Plaintiff would be willing to dismiss the case with

prejudice. (Doc. 48-1 at 4) (Plaintiff's counsel stating: "We can agree to articulate the dismissal as being with prejudice."). Finally, Defendants have stated that, if the claim is dismissed without prejudice, they "would need to take what is likely unnecessary discovery as to the equitable claim[]," presumably in case Plaintiff attempts to bring this claim in a subsequent litigation.[1] (Doc. 45 at ¶ 3). Indeed, as Plaintiff concedes, if Count VIII is dismissed without prejudice, Defendants still may find it necessary to take discovery related to "Plaintiff's request for an injunction against the Defendants to prevent them from allowing and/or supporting Plaintiff's competitors to operate or utilize the NutriMost System within the Four Counties." (Doc. 47 at ¶ 9).

Nonetheless, despite the above factors, the Court, in an abundance of caution, will grant Plaintiff's motion and dismiss Count VIII without prejudice. As noted, "the question of whether the Court may convert a Motion under Rule 41(a)(2) into a dismissal with prejudice is an open one in this Circuit." Rose, 2005 WL 5061529, at *1. Furthermore, while Defendants have indicated that they may take additional discovery in anticipation of Plaintiff filing a second lawsuit raising his equitable claim, they have not shown that they would suffer "plain legal prejudice" if the Court dismisses Count VIII without prejudice, as discovery in this case is ongoing and there are no pending dispositive motions. See In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990); Ravenel v. Smithkline Beecham Corp., 2013 WL 4223706, *1 (E.D.Pa. Aug.14, 2013) (citing In re Diet Drugs (Phentermine / Fenfluramine / Dexfenfluramine) Prods. Litig., 85 F. App'x 845, 847 (3d Cir. 2004) and Ferguson, 492 F.2d at 28) ("Voluntary motions to dismiss are generally found prejudicial where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed

---

[1] Absent extraordinary circumstances, the Court will not allow Plaintiff to amend his pleadings to reassert his equitable claim in *this* litigation, after having voluntarily abandoned that claim.

dispositive motions or prepared for trial").

## II. ORDER

For the above reasons, Plaintiff's Motion for Voluntary Dismissal of Count VIII Without Prejudice (Doc. 44) is GRANTED. Count VIII of the Amended Complaint is hereby DISMISSED without prejudice.

**IT IS SO ORDERED**.


May 5, 2017                                  s/Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record